IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL CALDWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1617-BN |
| | § | |
| PARKER UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

After being expelled from Defendant Parker University ("Parker"), Plaintiff Daniel Caldwell brought this *pro se* action against Parker alleging that the university violated his constitutionally-protected right to due process, several federal statutes, and state law. *See* Dkt. No. 3.

On the consent of the parties, this action is before the undersigned United States magistrate judge for all purposes under 28 U.S.C. § 636(c). *See* Dkt. No. 21.

Parker moves to dismiss Caldwell's complaint for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 18. Despite the Court's grating Caldwell's request to extend the response deadline, he failed to file a response, and the extended deadline to do so has passed. *See* Dkt. Nos. 20, 22, & 23.

The Court GRANTS Parker's motion to dismiss but will allow Caldwell leave to file, by **December 19, 2018**, an amended complaint that cures the deficiencies noted below.

**Applicable Background**

Caldwell alleges that, on June 20, 2014, Parker "fraudulently expelled [him] from the Doctor of Chiropractor Program without notice" and (at least initially) without a hearing. Dkt. No. 3 at 4. At a subsequent hearing, held later that day, Caldwell claims that he "was not informed of the allegations against him (sexual harassment and vandalism)" and further claims that, "[w]ithout due process of fair notice of the allegations against [him] nor reasonable opportunity to respond, [a committee at the university] immediately and permanently dismissed [him] from Parker." *Id.* This decision was upheld by a vice-president at the university and Parker's provost. *See id.*

Caldwell was informed that he would have to pay $6,444 to obtain his transcript from Parker. *See id.* And Caldwell alleges that he unsuccessfully sought relief from the Texas Higher Education Coordinating Board and the U.S. Department of Education. *See id.*

Caldwell asserts that these facts support claims (1) for violation of due process under the Fifth and Fourteenth Amendments and (2) under the United States Higher Education Act, the Rehabilitation Act of 1973, and the Americans with Disabilities Act. *See id.* at 3. And he further states that, "[i]n addition to the claims of violation of federal regulations which resulted in Parker's dismissal of [him] and refusal to release [his] transcripts, state law grounds for awarding damages include breach of contract, fraud, or quantum meruit and refusal to mitigate damages." *Id.* at 5.

**Legal Standards**

In deciding a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts

as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, the plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and

directly events" that the plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States Supreme Court "has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

That rationale has even more force in this case, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *see United States v. Ayika*, 554 F. App'x 302, 308 (5th Cir. 2014) (per curiam) (a court has a "duty to construe *pro se* [filings] liberally so that a litigant will not suffer simply because he did not attend law school or find a suitable attorney"); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL

-4-

2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *Katrina Canal Breaches Litig.*, 495 F.3d at 205. Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

"Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th

Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008).

**Analysis**

Taking first his alleged constitutional violation, presumably made under 42 U.S.C. § 1983, Caldwell has not alleged facts to support that violation, considering – most importantly – that Parker should not be assumed to be acting under color of state law.

For example, in *Blouin v. Loyola University*, 506 F.2d 20 (5th Cir. 1975) (per curiam), the Fifth Circuit affirmed the district court's judgment dismissing First and Fourteenth Amendment claims made against Loyola for its refusing to renew the plaintiff's teaching contract, reasoning that "[t]he licensing of an otherwise private entity by the government does not, of itself, require a finding of action action," *id.* at 21-22 (citing *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163 (1972)); *see also Jordan v. ATI Career Training Ctr.*, No. 3:13-cv-4176-G-BN, 2014 WL 351651, at *2 (N.D. Tex. Jan. 31, 2014) ("Our courts have decided cases involving varying degrees of governmental involvement in universities ranging from federal and state grants, student loan guarantees, tax exemptions, licensing of university owned television and radio stations, etc. Quite consistently, courts have not found state action on those bases." (quoting *Allen v. Tulane Univ.*, Civ. A. No. 92-4070, 1993 WL 459949, at *2 (E.D. La. Nov. 2, 1993))); *accord Brown v. Tex. A&M Univ. Sch. of Law*, No. 4:15-cv-613-A, 2016 WL 3398395 (N.D. Tex. Jan. 12, 2016).

Indeed, private actors

> "generally are not considered to act under color of law," *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005), but "private action may be deemed state action when the defendant's conduct is 'fairly attributable to the State,'" *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)).

*Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017).

Here, however, Caldwell has not plausibly alleged that Parker's actions are fairly attributable to the State by, for example, "'alleg[ing] specific facts to show' ... that [Ford] and public actors entered into an agreement to commit an illegal act." *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 774-76 (N.D. Tex. 2014) (quoting *Tebo v. Tebo*, 550 F.3d 492, 496 (5th Cir. 2008)); *see also Blouin*, 506 F.2d at 22 ("Furthermore, the record does not disclose any 'nexus' between the alleged unconstitutional activity and the purported federal and state government involvement. Accordingly the order of the district court dismissing the complaint is affirmed." (citations omitted)).

Turning to the first federal statute Caldwell cites, the Higher Education Act, 20 U.S.C. § 1070, *et seq.* (the "HEA"),

> [a]s to claims under the [HEA] by student borrowers against educational institutions, "the [HEA] specifies that the Secretary of Education has the power to carry out the Act's purposes; the Secretary has promulgated numerous and comprehensive regulations that regulate educational institutions' compliance with the [HEA]; and the statute and legislative history do not otherwise suggest congressional intent to create a private remedy."

*White v. Apollo Group*, 241 F. Supp. 2d 710, 713 (W.D. Tex. 2003) (quoting *Labickas v. Ark. State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996); original brackets omitted), *appeal dismissed as frivolous*, 163 F. App'x 255 (5th Cir. 2005) (per curiam), *cert. denied*, 549 U.S. 760 (2006). Further, "[t]he implication of a private cause of action would seriously

undercut, rather than complement, the Secretary's enforcement powers." *Id.* (quoting *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1485 (9th Cir. 1995)).

Considering together the claims under the Rehabilitation Act, 29 U.S.C. § 794, *et seq.* (the "RA") and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), to state a prima facie case under either act, a plaintiff must allege that he was discriminated against on the basis of a qualifying disability. *Cf. Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (observing that the RA is operationally identical to the ADA, in that both statutes address discrimination against those with disabilities, but, while the ADA is limited to public entities, including private employers, the RA extends to programs or activities that, though private, receive federal funding).

In an analogous context – Title VII discrimination – the Fifth Circuit has cautioned that a plaintiff need not make a showing of each prong of the prima facie test at the pleading stage. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-12 (2002)). "*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." *Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ("Although [the plaintiff] did not have to submit evidence to establish a prima facie case of discrimination at [the motion to dismiss] stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." (citations omitted))).

The question for the Court now, then, is simply whether Caldwell has provided sufficient facts to allege that he suffered discrimination in violation of the RA or the ADA. *See Swierkiewicz,* 534 U.S. at 512-13. And, because he "has not pled such facts," it is "proper[ to] dismiss[ his] complaint." *Meadows*, 731 F. App'x at 318.

For these reasons, Caldwell has failed to allege a claim under either the HEA, the RA, or the ADA.

Similarly, his skeletal factual allegations fail to support claims under state law. *See, e.g., Brown v. La. Office of Student Fin. Assistance*, No. 3:06-cv-950-R, 2007 WL 2325514, at *2 (N.D. Tex. Aug. 14, 2007) ("Because violations of the HEA do not give rise to a breach of contract action or any tort, Plaintiffs' various state claims also fail as a matter of law.").

**Conclusion**

The Court GRANTS Parker's motion to dismiss but will allow Caldwell leave to file, by **December 19, 2018**, an amended complaint that cures the deficiencies noted above. Caldwell's failure to file an amended complaint by that date subjects this action to dismissal with prejudice without further notice.

SO ORDERED.

DATED: November 27, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE