

Daniel Caldwell <alwaysremember@aggienetwork.com>

---

## Transcript

**Daniel Caldwell** <dcaldwell@aggienetwork.com>  Tue, Jul 29, 2014 at 10:55 PM
To: "Gery C. Hochanadel" <GHochanadel@parker.edu>, "Mitchell D. Hadley" <mhadley@parker.edu>, aklement@parker.edu
Bcc: Ed Krieger <edwin.krieger@gmail.com>

Dr. Hochanadel,
Due to unexpected connectivity problems, the following which was drafted over the weekend did not send and is provided now for your consideration.
The purpose of this message is to attempt to settle the account wherein you claim I owe Parker for the entire summer tuition, which I dispute, the university having explicitly forfeit any claim to funds the university was required to return, consistent with the 3rd paragraph of the refund policy on page 50 of the DC Program catalog. Additionally, on the recommendation of family, I have sought counsel which concurs that although the university may be entitled to dismiss a student with or without good cause, defaming and disenfranchising a student so unilaterally as to prevent transfer to another school and to impair future eligibility for financial aid is overstepping those corporate rights.
The 12 potential charges indicated for dismissal in the alleged violation of 2 policy paragraphs each constitute criminal offenses under the Texas Penal Code, so I advise you that, if not even "probable cause" (the lowest level of legal evidence) for an arrest or prosecution is shown to have existed, then regardless of whether university procedures were followed, as you and Dr. Maguire asserted, the university is still liable and in the wrong at the very least for citing those as the supposed grounds.
As I read page 122 of the catalog, since you are the one providing the 21 July determination that, as a consequence of the dismissal which you reviewed, I will be required to pay an additional almost $6500 for a transcript, the last remaining administrative recourse would be to complain to the President seeking reversal of the full summer tuition charge (refunding another $3,661 of student loans) in order to settle the account if you decline to promptly do so.
Should Dr. McAulay then choose not to offer such a minimally reasonable resolution, I will then be left with no alternative except to petition to the Dallas county district courts for redress of grievance applying for injunctions to release my transcript and the remaining summer tuition charge as actual damages (along with food service, bookstore, and massage school credit balances), and to correct the policies which provide for disciplining students without first requiring the accused offense be specified further than any one or two from lists of several possibilities in the catalog to prevent future injustices.
In that case, I would also be obliged to plead for punitive damages in an amount at least that of the fall tuition ($10,115) for refusing to correct the defamation and disenfranchisement, for the delay on releasing the transcript preventing enrollment elsewhere, and for making recourse to litigation necessary, besides the upset and turmoil resulting from dismissal and the personal sacrifices made since September to be a model student and a leader among my classmates & peers.
Furthermore, I would be required to seek exemplary damages in the amount of the spring tuition ($10,115) because only half of the two terms of credits would actually transfer to satisfy program requirements at any other chiropractic school since their curricula vary, as you know, requiring a greater number of lab or lecture hours for acceptance of credit for otherwise comparable courses.
None of us want to resort to expensive litigation, so I propose resolving the matter ourselves.
I will call to follow-up tomorrow morning.
Please feel free to make a recommendation or ask for clarification should any of these points seem ambiguous.
Respectfully,
DC
DCaldwell@AggieNetwork.com
http://DanielJCaldwell.webs.com/
512-761-5740

On Mon, Jul 21, 2014 at 4:11 PM, Gery C. Hochanadel <GHochanadel@parker.edu> wrote:

Dear Mr. Caldwell,

I have checked regarding your inquiry as to getting your transcript. As a result of your dismissal, Parker University is required to return the unearned portion of your Title IV funding back to the Department of Education, leaving you with a balance owed to Parker University of $6,444.00. In order to be able to procure a copy of your transcript, you will need to make arrangements to pay this amount.

**Gery Hochanadel, Ph.D.**
*Provost*



2540 Walnut Hill Lane, Dallas, TX 75229
T: 214.902.3486 | F: 214.902.2454
ghochanadel@parker.edu
www.parker.edu | www.parkerseminars.com



-----------------------------------------------
*Thinking about a career in chiropractic?*
*Attend an open house! Register today!*