IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DANIEL CALDWELL, | § | |
|---|---|---|
| Plaintiff, | § | |
| V. | § | No. 3:18-cv-1617-BN |
| PARKER UNIVERSITY, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
<u>CONSTRUED RULE 59(e) MOTION</u>**

On September 16, 2019, the Court granted Defendant Parker University's motion to dismiss [Dkt. No. 28] Plaintiff Daniel Caldwell's amended complaint [Dkt. No. 25] and entered judgment dismissing this action with prejudice, *see* Dkt. Nos. 39 & 40. Two days later, Caldwell filed Objection to Order, and Motion to Vacate and Reconsider. *See* Dkt. No. 41.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under [Federal Rule of Civil Procedure] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under [Federal Rule of Civil Procedure] 60(b). The rule under which the motion is considered is based on when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003)). If, like here, "the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59." *Id.*; *see also Hanna v. Maxwell*, 548 F. App'x 192, 195 (5th

Cir. 2013) (per curiam) ("Hanna's pleadings at the district court were not models of precision, but we construe them liberally because he is proceeding *pro se*. However Hanna labeled his motion, it clearly evinced a desire for the court to reconsider its judgment, and it was filed within the 28-day time limit for filing Rule 59(e) motions." (citations omitted)).

> Under Rule 59(e), amending a judgment is appropriate (1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). A motion under Rule 59 cannot be used to raise arguments or claims "that could, and should, have been made before the judgment issued." *Marseilles Homeowners Condo. Ass'n v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008).

*Demahy*, 702 F.3d at 182 (footnote omitted).

Thus, "[i]n school yard parlance," a motion for reconsideration is not "a request for a 'do over.'" *Green v. City of New York*, No. 05-cv-0429 (DLI)(ETB), 2006 WL 2516468, at *2 (E.D.N.Y. Aug. 29, 2006); *see also Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc.*, 972 F. Supp. 665, 674 (N.D. Ga. 1997) ("[A] motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court could have done it better the first time." (citation and internal quotation marks omitted)).

There has been no intervening change in controlling law. And Caldwell presents no newly discovered evidence that was previously unavailable. So the Court will consider whether the judgment should be amended to correct a manifest error of law.

But, first, because, with the consent of the parties, this action is before the

undersigned United States magistrate judge for all purposes under 28 U.S.C. § 636(c), *see* Dkt. No. 21, the Court rejects Caldwell's reliance on Federal Rule of Civil Procedure 72(b) as a basis under which to review the September 16, 2019 memorandum opinion and order and judgment.

Next, to the extent that Caldwell argues that the Court ignored his claims by attempting to show that the Court did not address arguments – presented as claims – made in Caldwell's own motions or in his briefing in response to Parker's motions, including his unauthorized sur-reply, which the Court denied leave to file, *see* Dkt. Nos. 34, 35, & 36, Caldwell may not amend his claims through a filing that is not itself a pleading, *see, e.g., Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citing FED. R. CIV. P. 8(a); FED. R. CIV. P. 7(a))).

But Caldwell chiefly argues that "[t]he Court's opinion/judgment are entirely silent on and void of any reference to Caldwell's timely claim for breach of fiduciary duty ... imposed by 20 USC 1091b." Dkt. No. 41.

The Court was not silent as to this provision of federal law, contained in the Higher Education Act, 20 U.S.C. § 1070, *et seq.* (the "HEA"). *See Mission Grp. Kan., Inc. v. Spellings*, 515 F. Supp. 2d 1232, 1235-36 (D. Kan. 2007) ("In 1992, Congress re-authorized and amended HEA. In doing so, it adopted the so-called 'pro rata refund' provision. 20 U.S.C. § 1091b. The provision applied to first-term first-year students

who dropped out before completing the period for which they had received federal aid. It allowed the institution to retain any amount which it had earned, but required it to refund to the student – or to [Federal Student Aid] if it had provided loans or grants – a pro rata portion of the aid disbursed to the student." (citation omitted)).

Instead, as the Court has explained to Caldwell, *see* Dkt. Nos. 24 & 39,

> [a]s to claims under the [HEA] by student borrowers against educational institutions, "the [HEA] specifies that the Secretary of Education has the power to carry out the Act's purposes; the Secretary has promulgated numerous and comprehensive regulations that regulate educational institutions' compliance with the [HEA]; and the statute and legislative history do not otherwise suggest congressional intent to create a private remedy."

*White v. Apollo Grp.*, 241 F. Supp. 2d 710, 713 (W.D. Tex. 2003) (quoting *Labickas v. Ark. State Univ.*, 78 F.3d 333, 334 (8th Cir. 1996); original brackets omitted), *appeal dismissed as frivolous*, 163 F. App'x 255 (5th Cir. 2005) (per curiam), *cert. denied*, 549 U.S. 760 (2006).

Accordingly, he may not bring a cause of action against Parker under the HEA.

The Court therefore DENIES Plaintiff Daniel Caldwell's construed motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

SO ORDERED.

DATED: September 19, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE