IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DANIEL CALDWELL, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1617-BN |
| | § | |
| PARKER UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
CONSTRUED RULE 60(b)(1) MOTION**

Through a post-judgment motion titled "Second Pro Se Rule 59(e) Motion to Alter or Amend Judgment and Conditional Notice of Appeal to the 5th Circuit Court of Appeals [Dkt. No. 43] (the "Second Motion"), filed October 16, 2019 – 30 days after the Court entered judgment dismissing this action with prejudice, *see* Dkt. Nos. 39 & 40 – Plaintiff Daniel Caldwell seeks either reconsideration of the dismissal of his claims (again) or reconsideration of the previous order denying reconsideration. Regardless which relief he seeks, the Court construes the Second Motion as made under Federal Rule of 60(b)(1) and DENIES it.

"A motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under [Federal Rule of Civil Procedure] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under [Federal Rule of Civil Procedure] 60(b). The rule under which the motion is considered is based on when the motion was filed." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citing *Tex. A&M Research Found. v. Magna Transp., Inc.*,

338 F.3d 394, 400 (5th Cir. 2003)). Because the Second Motion " was filed [more than] twenty-eight days after the entry of the judgment, ... it is analyzed under Rule 60." *Id.* (citing *Tex. A&M Research Found.*, 338 F.3d at 400).

Rule 60(b) offers grounds for relief from a final judgment, order, or proceeding, *see* FED. R. CIV. P. 60(b), and provides that:

> On motion and just terms, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*Id.*

"The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan.1981)).

"The burden of establishing at least one of the Rule 60(b) requirements is on [Caldwell] as the movant." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)); *see also Wallace v. Magnolia Family Servs., L.L.C.*, Civ. A. No. 13-4703, 2015 WL 1321604, at

*2 (E.D. La. Mar. 24, 2015) ("The extraordinary relief afforded by Rule 60(b) requires that the moving party make a showing of unusual or unique circumstances justifying such relief." (citing *Pryor v. U.S. Postal Servs.*, 769 F.2d 281, 286 (5th Cir. 1985))).

And Rule 60(b) motions are typically committed to the sound discretion of the district court. *See Carter v. Fenner*, 136 F.3d 1000, 1005 (5th Cir. 1998) (noting that the Fifth Circuit has "consistently held that the relief under Rule 60(b) is considered an extraordinary remedy and that the desire for a judicial process that is predictable mandates caution in reopening judgments" (internal quotation marks and alterations omitted)).

Caldwell cites no specific provision of Rule 60(b). But he also neither presents newly discovered evidence nor alleges fraud or that the judgment is void, has been satisfied, released, discharged, or is based on an earlier judgment or that it would be inequitable to apply the judgment prospectively. *See* FED. R. CIV. P. 60(b)(2), (b)(3), (b)(4), & (b)(5).

And Caldwell fails to present either a situation or a circumstance so extraordinary as to justify relief under Rule 60(b)(6). *See, e.g.*, *Priester v. JP Morgan Chase Bank, N.A.*, 927 F.3d 912, 913 (5th Cir. 2019) ("Relief under Rule 60(b)(6)—the catch-all provision of 60(b) ... —is appropriate only in 'extraordinary circumstances.'" (citing *U.S. ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005) ("Rule 60(b)(6) authorizes a court to relieve a party from a final judgment for 'any ... reason justifying relief' other than a ground covered by clauses (b)(1) through (b)(5) of the rule. Relief under this section, however, is appropriate only in an 'extraordinary

situation' or 'if extraordinary circumstances are present.'" (footnotes omitted)))).

That leaves Rule 60(b)(1). "[I]n this circuit," Rule 60(b)(1) "may be invoked for the correction of judicial error, but only to rectify an obvious error of law, apparent on the record. Thus, it may be employed when the judgment obviously conflicts with a clear statutory mandate or when the judicial error involves a fundamental misconception of the law." *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987) (footnotes omitted).

Through the Second Motion, Caldwell explains his disagreements with the Court's dismissal of his case and the Court's denial of his first motion requesting reconsideration. But these disagreements do not demonstrate that the September 16, 2019 memorandum opinion and order dismissing his claims as amended and the September 19, 2019 memorandum opinion and order denying his Rule 59(e) motion conflict with a clear statutory mandate or implicate a fundamental misconception of the law. Caldwell has therefore not carried his burden to show that unusual or unique circumstances justify relief under Rule 60(b).

SO ORDERED.

DATED: October 21, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE