IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| DANIEL CALDWELL, | § | |
| --- | --- | --- |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-1617-BN |
| | § | |
| PARKER UNIVERSITY, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**
**DENYING SECOND RULE 60(b)(1) MOTION**

Through a post-judgment motion titled Rule 60 Motion for Relief from Judgment and Request for Leave from Court of Appeals to Grant Relief [Dkt. No. 51] (the "Second Rule 60(b)(1) Motion"), Plaintiff Daniel Caldwell appears to request relief from both the district court and from the United States Court of Appeals for the Fifth Circuit.

As directed to the district court, he requests relief under Federal Rule of Civil Procedure 60(b)(1) on the ground that the Court improperly dismissed his case under Federal Rule of Civil Procedure 21. *See* Dkt. No. 51 at 1 ("As a result of Caldwell's amateur failure to join the United States, the district court dismissed the action with prejudice. However, under FRCP 21, 'Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may *at any time*, on just terms, add or drop a party" (emphasis added).").

The Second Rule 60(b)(1) Motion was filed less than one year after the Court entered judgment dismissing Caldwell's claims with prejudice on September 16, 2019. *See* Dkt. Nos. 39 & 40; *see also* FED. R. CIV. P. 60(c)(1) (providing that motions under

Rule 60(b)(1) "must be made ... no more than a year after entry of judgment"). So the current motion is not per se untimely. But the Court must also consider whether the Court has been divested of jurisdiction over the Second Rule 60(b)(1) Motion based on Caldwell's appeal now pending in the Fifth Circuit.

"As a general rule, a district court is divested of jurisdiction on the filing of a notice of appeal with respect to any matters involved in the appeal." *Frye v. Anadarko Petroleum Corp.*, Civ. A. No. H-17-2289, 2018 WL 5921016, at *2 (S.D. Tex. Nov. 13, 2018) (citing *Alice L. v. Dusek*, 492 F.3d 563, 564-65 (5th Cir. 2007)).

> "[And, although a] perfected appeal divests the district court of jurisdiction[,]" *Winchester v. United States Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995)[, o]nce the notice of appeal has been filed, while the district court may consider or deny a Rule 60(b) motion (filed more than ten days after entry of the judgment), it no longer has jurisdiction to grant such a motion while the appeal is pending. *Id.* at 949. "'When the district court is inclined to grant the 60(b) motion, ... then it is necessary to obtain the leave of the court of appeals. Without obtaining leave, the district court is without jurisdiction, and cannot grant the motion.'" *Id.* (quoting *Travelers Ins. Co. v. Liljeberg Enters. Inc.*, 38 F.3d 1404, 1407 n.3 (5th Cir. 1994)). If the district court "'indicates that it will grant the motion, the appellant should then make a motion in the Court of Appeals for a remand of the case in order that the district court may grant such motion.'" *Winchester*, 68 F.3d at 949 (quoting *Ferrell v. Trailmobile, Inc.*, 223 F.2d 697, 699 (5th Cir. 1955)).

*Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 329 (5th Cir. 2004) (emphases omitted).

Caldwell, through a notice filed on October 22, 2019 [Dkt. No. 45], appealed (1) the September 16, 2019 memorandum and opinion and corresponding judgment dismissing his case [Dkt. Nos. 39 & 40] and (2) the October 21, 2019 Memorandum Opinion and Order Denying Construed Rule 60(b)(1) Motion [Dkt. No. 44]. The Fifth Circuit subsequently granted in part a motion to dismiss Caldwell's appeal for lack of

jurisdiction, dismissing, as untimely, his appeal of the Court's final judgment. *See* Dkt. No. 49 (further noting that Caldwell's "appeal is timely as to the district court's denial of his Rule 60(b) motion").

This result follows from the fact that the Court denied Caldwell's construed Federal Rule of Civil Procedure 59(e) motion, filed on September 18, 2019, on September 19, 2019, *see* Dkt. Nos. 42 & 43 – making Monday, October 21, 2019 the deadline to appeal the judgment, *see* FED. R. APP. P. 4(a)(1)(A); FED. R. APP. P. 4(a)(4)(A)(iv) – and because the Rule 60(b) motion was filed more than 28 days after the judgment was entered, *see* Dkt. No. 43; FED. R. APP. P. 4(a)(4)(A)(vi).

The first Rule 60(b) Motion, now before the Fifth Circuit, arguably implicates the final judgment, no longer before the Fifth Circuit. By extension, then, Caldwell's current attack on that judgment through the Second Rule 60(b)(1) Motion may touch on issues now before the Fifth Circuit and thus deprive the Court of authority to grant relief on that motion. *Cf. Torns v. Miss. Dep't of Corrs.*, 317 F. App'x 403, 404 (5th Cir. 2009) (per curiam) ("Because Torns did not timely appeal from the district court's final judgment – but only from the denial of his motion to proceed IFP in the district court – the district court was never divested of jurisdiction over the former aspect of the case." (citing *Alicie L.*, 492 F.3d at 564-65)).

But Caldwell need not seek remand from the Fifth Circuit, "because the Court finds that the [Second Rule 60(b)(1) Motion] should be denied." *Priester v. Long Beach Mortg. Co.*, No. 4:16-CV-449, 2020 WL 533138, at *3 (E.D. Tex. Feb. 3, 2020).

Rule 21 was not a basis for the Court's dismissal of this case. *See generally* Dkt.

No. 39. There is therefore no basis to reconsider, under Rule 60(b)(1), the Court's judgment dismissing this case.

SO ORDERED.

DATED: February 26, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE